EARLE v. GROCE.

1. MORTGAGOR—PARTIES.—There being a first mortgage of land executed by A, B, C, and D, without power of sale, a second mortgage of the same land by the same parties with power of sale, and then a third mortgage of the same land by A, B, and C to plaintiff, the second mortgagee sold under his power, and plaintiff brought her action against A, B, and C, and this second mortgagee, to recover so much of the proceeds of this sale as remained after satisfying the second mortgage. *Held* by this court, without considering the points raised by the appeal, that no adjudication should be made on the merits until D was made a party, and it was so ordered.

Before HUDSON, J., Spartanburg, November, 1891.

This was an action by Lillie R. Earle against A. B. Groce, administrator of John Wheeler, deceased, W. L., A. J., and O. P. Morgan. The opinion states the case so far as is necessary to a full understanding of the point decided, which was not raised on Circuit, by exception, or in argument.

*Mr. R. K. Carson*, for appellant.

*Mr. Stanyarne Wilson*, contra.

November 18, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. It appears from the pleadings and other proceedings in this case, that on the 6th day of December, 1886, the Crawfordsville Factory tract of land was sold by the sheriff of Spartanburg, and bid off by W. L. Morgan, A. J. Morgan, O. P. Morgan, and L. A. Green, who complied with the terms of sale by paying one-half in cash and giving their bond to the sheriff, secured by a mortgage of the premises, for the other half, which mortgage was in the usual form of mortgages to public officers, and contained no power of sale; that on the 11th of December, 1886, the same persons executed a second mortgage to John Wheeler, the intestate of defendant Groce, on the same land, which last mentioned mortgage did contain a power of sale; that on the 14th of January,

1888, the said W. L. Morgan, A. J. Morgan, and O. P. Morgan executed a third mortgage on the same land to the judge of probate for Spartanburg County, which was subsequently assigned to the plaintiff herein; that on the 4th of February, 1888, the said John Wheeler, by virtue of the power of sale contained in his mortgage, offered the said land for sale, and himself became the purchaser thereof, and applied the proceeds of the sale to the payment of the debt secured by the mortgage to the sheriff and to the payment of the debt secured by his own mortgage, which exhausted said proceeds.

Whereupon the plaintiff commenced this action, to which the said L. A. Green has not been made a party, claiming that the said John Wheeler had no right to apply any part of the proceeds of the sale made by him to the payment of the debt secured by the mortgage to the sheriff, but that the said Wheeler was bound, after satisfying the debt due to himself, to apply any surplus of the proceeds of said sale that then remained in his hands first to the payment of the debt secured by the mortgage to the judge of probate, which had been assigned to her, and the balance, if any, to the mortgagors in the mortgage to Wheeler, of whom, as has been stated, L. A. Green is one. The issues in the action were referred to the master, who found in accordance with this view; but upon exceptions to his report the Circuit Judge overruled the report of the master, and rendered judgment dismissing the complaint. From this judgment the plaintiff, as well as the defendants, W. L. Morgan, A. J. Morgan, and O. P. Morgan, appeal upon the several grounds set out in the record.

It seems to us that L. A. Green is a necessary party to this action, and that it will not be safe to proceed in his absence. For if we should affirm the judgment of the Circuit Court, we see no reason why Green, who certainly would not be concluded thereby, could not at once reopen the question, and require the court again to go over the same controversy. If, on the other hand, we should reverse the judgment below, then Green certainly would have a right to be heard upon the question of the amount due on plaintiff's mortgage, which has been left open by the master's report, and about

which there seems to be a dispute. At all events, so far as appears now, he manifestly has an interest in the controversy, and should be made a party, before any final adjudication can properly be made in this case. For this reason, therefore, and without entering into any consideration of the merits, the judment of the Circuit Court must be reversed, and the case remanded to that court, in order that said Green may be made a party.

The judgment of this court is, that the judgment of the Circuit Court be reversed, *without prejudice,* and the case remanded to that court, for the purpose of carrying out the views herein announced.